# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANITRA LUSSON, | Case No. 2:20-cv-01215-DJA |
| Plaintiff, | |
| v. | ORDER |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

This matter involves the review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Anitra Lusson's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. The Court has reviewed Plaintiff's Motion for Reversal and/or Remand (ECF No. 16), filed on November 5, 2020, the Commissioner's Cross-Motion to Affirm and Response (ECF Nos. 21-22), filed on January 15, 2021, and Plaintiff's Reply (ECF No. 23), filed on February 4, 2021. The Court finds this matter properly resolved without a hearing. LR 78-1.

**I.    BACKGROUND**

   **1.    Procedural History**

Plaintiff protectively applied for disability insurance benefits in August 2014, alleging an onset date of March 3, 2014. AR[1] 337-338, 354-355, and 524-530. Plaintiff's claim was denied initially and on reconsideration. AR 398-401 and 406-411. A hearing was held before an Administrative Law Judge ("ALJ") on November 23, 2016. AR 279-310 and 458-459. On May

---

[1] AR refers to the Administrative Record in this matter. (Certified Administrative Record (ECF No. 14)).

3, 2017, the ALJ issued a decision denying Plaintiff's claim. AR 377-378. The Appeals Council reviewed the decision and remanded the case to the ALJ for further proceedings. AR 393-397. The ALJ held a second hearing on October 19, 2018. AR 311-335 and 519-520. On April 9, 2019, the ALJ issued a new decision denying Plaintiff's claim. AR 48-62. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on April 30, 2020. AR 1-7. On June 26, 2020, Plaintiff commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* Complaint (ECF No. 1)).

    **2.**    **The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520. AR 45-62. At step one, the ALJ found that Plaintiff was insured through December 31, 2019 and had not engaged in substantial gainful activity since the alleged onset date of March 3, 2014. *Id.* at 50-51. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of disorders of the lumbar spine and knees, ischemic heart disease, morbid obesity, anxiety related disorder and affective mood disorder. *Id.* at 51. He found all other conditions to be non-severe including: hypertension, sleep apnea, pancreatic cysts, and history of drug abuse in sustained remission. *Id.* The ALJ rated the Paragraph B criteria as mild, moderate, moderate, and mild limitations. *Id.* at 53. He found no evidence to establish the presence of Paragraph C criteria.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 51-52. He specifically noted that he considered listings 1.02, 4.04, 12.04, and 12.06 and explained why they were not met. The ALJ also recognized SSR 02-1p and how it applied to Plaintiff's obesity in this claim.

The ALJ found that Plaintiff has the residual functional capacity to perform a reduced range of sedentary work as defined in 20 CFR 404.1567(a) except that she is limited to: standing and/or walking for a total of two hours per workday; can never climb ladders, ropes or scaffold, but can perform all other postural occasionally; she must avoid concentrated exposure to extreme heat and cold, chemicals, and pulmonary irritants such as smoke, dust, fumes, odors, gases, and

poorly ventilated areas; she must avoid concentrated exposure to loud noise, such as that found in construction sites and factories; she must avoid all exposure to hazardous machinery; and she is limited to simple tasks typical of unskilled occupations with no production rate pace work and only occasional interaction with supervisors, coworkers and the public. AR 54.

At step four, the ALJ found that Plaintiff could not perform any past relevant work. *Id.* at 60. At step five, the ALJ found that Plaintiff was a younger individual on the alleged disability onset date and subsequently changed age categories to a younger individual age 45-49, has at least a high school education, is able to communicate in English, and transferability of job skills is not material to the determination. AR 61. Considering her age, education, work experience, and RFC, the ALJ utilized Medical-Vocational Rule 201.28 and Vocational Expert (VE) testimony and found that there were jobs that exist in significant numbers in the national economy that she could perform. For example, the VE testified that Plaintiff could perform as a defect charting clerk and addresser clerk. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from March 3, 2014 through the date of the decision, April 9, 2019. *Id*. at 62.

## II.     DISCUSSION

### 1.     Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

/ / /

/ / /

## 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his/her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his/her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he/she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1).

severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform his/her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed

---

They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

1  either as the individual actually performed it or as it is generally performed in the national
2  economy within the last 15 years or 15 years before the date that disability must be established.
3  In addition, the work must have lasted long enough for the individual to learn the job and
4  performed at SGA.  20 C.F.R. §§ 404.1560(b) and 404.1565.  If the individual has the RFC to
5  perform his past work, then a finding of not disabled is made.  If the individual is unable to
6  perform any PRW or does not have any PRW, then the analysis proceeds to step five.
7       The fifth and final step requires the ALJ to determine whether the individual is able to do
8  any other work considering his/her RFC, age, education, and work experience.  20 C.F.R. §
9  404.1520(g).  If he/she is able to do other work, then a finding of not disabled is made.  Although
10 the individual generally continues to have the burden of proving disability at this step, a limited
11 burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is
12 responsible for providing evidence that demonstrates that other work exists in significant numbers
13 in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42.

### 3. Analysis

#### a. Whether the ALJ's RFC Finding Is Supported

Plaintiff contends that the ALJ failed to properly evaluate the medical evidence in assessing her RFC because she cannot sustain the sedentary exertional level on a full-time consistent basis.  (ECF No. 16, 5).  She highlights the Veterans Administration's decision that was issued on March 1, 2019, which increased her disability to 100% for congestive hear failure.  (*Id.* at 6).  In addition, she argues that the ALJ should have included more restrictive mental limitations in the RFC based on the State agency physician opinions that she was moderately limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.  (*Id.* at 7).  Further, the ALJ did not ask the VE a hypothetical question about such limitations, but the VE did testify that Plaintiff could not perform any of the hypothetical positions if she were off task 20% of the time.  (*Id.* at 7).

The Commissioner responds that Plaintiff's challenge to the RFC finding is limited to two things: (1) the VA found her to be disabled under its own disability program; and (2) the RFC did not sufficiently account for the limitations included in the opinions of the State agency

psychological consultants, Dr. Bradley and Dr. Brode, which the ALJ gave great weight. (ECF No. 22, 7-8). The Commissioner contends that the ALJ and the Appeals Council considered the VA ratings of 50% and 100%, but complied with the regulation to note reasons for discounting it. (*Id*. 8-12). Further, the Commissioner contends that the ALJ's decision not to include a moderate limitation in Plaintiff's ability to perform activities within a schedule, maintain regular attendance, and be punctual is supported. (*Id*. at 13). The Commissioner acknowledges that Dr. Bradley and Dr. Brode's opinions were assigned great weight, but the ALJ's RFC finding accommodates their moderate restriction and even goes with a more restrictive limitation with respect to simple tasks rather than limiting her to detailed tasks. (*Id*. at 14). To the extent that Plaintiff is claiming that the RFC should have included a limitation to off-task 20% of the time, the Commissioner argues there is no support in the record for such a restriction due to Plaintiff's mental limitations. (*Id*. at 15).

Plaintiff replies that after considering the Commissioner's arguments, she concedes that the mental RFC is supported by substantial evidence. (ECF No. 23, 3). However, she still claims that the new evidence of the 100% VA rating submitted to the Appeals Council was not properly considered. (*Id*. at 4). Plaintiff takes issue with the fact that the Appeals Council's decision did not specifically outline the reasons for its conclusion that the additional evidence did not show a reasonable probability that it would change the outcome of the decision. (*Id*.). As such, Plaintiff claims that the physical RFC finding is flawed. (*Id*.).

With respect to the VA rating of disability, the ALJ gave a thorough explanation of how he considered it, but that it is not binding as that program has a different standard for establishing disability. AR 59. While the VA rating was only 50% at the time that the ALJ considered it, he found it not persuasive as it does not include a function-by-function assessment of Plaintiff's abilities, which is required for the SSA program. *Id*. The ALJ also specifically noted that even if he interpreted the VA evaluation to be an opinion that Plaintiff cannot perform work on a regular and continuing basis, eight hours a day, five days a week, that opinion is disproportionate to the objective findings in the medical record and conflicts with the opinion evidence. This is a sufficient articulation of persuasive, specific, valid reasons under the regulation in effect at the

time of Plaintiff's filing of her claim (given that the 2017 changes do not apply to Plaintiff's claim filed in 2014). *See Luther v. Berryhill*, 891 F.3d 872, 876–77 (9th Cir. 2018). Further, the Court notes that the ALJ included an extensive summary of medical evidence – including objective findings that support his reduced sedentary RFC. AR 54-60. Also, Plaintiff utilized the opportunity to submit the changed VA rating of 100% to the Appeals Council, who considered that evidence, but found it did not change the decision. AR 2. Plaintiff failed to cite to any binding Ninth Circuit precedent that requires the Appeals Council to give a lengthy explanation of why they rejected the new evidence of a changed VA rating. As such, the Court agrees with the Commissioner that the changed VA rating of 100% is not conclusive for a SSA disability determination, the Appeals Council properly considered that new information, and it does not warrant remand.

With respect to Plaintiff's argument that she should have been assigned a more restrictive limitation regarding attendance, the Court finds that the ALJ's weighing and incorporation of the opinions from Dr. Bradley and Dr. Brode is supported. Indeed, the ALJ translated their opinions on pace and mental limitations into a restriction to simple tasks typical of unskilled occupations with no production rate pace work, which is within his authority to do so as the final arbiter. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008).

Additionally, the Court is not convinced that the ALJ's hypothetical question to the VE is fatally flawed simply because he did not include additional mental restrictions not included in the assigned RFC. Indeed, the ALJ asked the VE a hypothetical question that accurately reflected the assigned RFC, which is sufficient in this case. *See Koshak v. Berryhill*, 2018 WL 4519936, at *8 (C.D. Cal. Sept 19, 2018) ("The regulations require the ALJ to consider the limiting effect of all impairments, including those that are non-severe. The regulations, however, do not require the ALJ to include limitations in the RFC if the record supports a conclusion that the non-severe impairment does not cause a significant limitation in the claimant's ability to work."). Under these circumstances, the ALJ's RFC finding is entitled to deference. *See Lewis v. Astruethe*, 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld."). Therefore, the Court finds that the

ALJ's RFC finding – and specifically the mental limitations assigned to Plaintiff – is supported by substantial evidence.

### b. Whether the ALJ's Step Five Finding Is Supported

Plaintiff also argues that the ALJ erred in resolving a conflict between the VE testimony and the Occupational Outlook Handbook (OOH) along with O*NET pursuant to SSR 00-4p for the defect charting clerk and addresser positions. (ECF No. 16, 8). She argues that a significant number of jobs do not exist in the national economy for the defect charting clerk position given Plaintiff's RFC limitation to only occasional interaction with supervisors, coworkers, and the public. (*Id*. at 9). Further, she claims that the DOT is outdated as it was last updated in 1991 and reliable government data shows that the addresser positions is semi-skilled to skilled, which conflicts with her limitation to unskilled. (*Id*. at 10). Plaintiff also argues that her RFC limitation to only occasional interaction with supervisors, coworkers, and the public also conflicts with the addresser position, which requires contact with others most of the time to constantly. (*Id*.). Further, Plaintiff contends the third problem with the addresser position is that it is obsolete and does not exist in significant numbers in the economy. (*Id*.). Plaintiff highlights a couple of cases in the Ninth Circuit that questioned whether the addresser job currently exists in significant numbers or was obsolete. As a result, Plaintiff contends that remand is required for further step five evaluation to consider whether there are jobs that qualify at step five or the Court should reverse and award benefits.

The Commissioner responds that Plaintiff waived her step five challenge by not raising these issues at the ALJ hearing and alternatively, there is not apparent or obvious vocational conflict that the ALJ was required to resolve. (ECF No. 22, 15). The Commissioner underscores that Plaintiff's counsel did not question the VE at the hearing on the job numbers or object to the VE's qualifications. (*Id*. at 15). Further, the Commissioner contends that the ALJ is not required to investigate conflicts between the VE's testimony and the DOT if they are not apparent or obvious. (*Id*. at 17). In addition, the Commissioner notes that the OOH is a source of job information it takes administrative notice of, O*NET is not such a source, so the ALJ did not need to reconcile any conflict with respect to the jobs cited by the VE. (*Id*. at 17).

Plaintiff replies that the Commissioner failed to carry the burden of showing Plaintiff could provide the two jobs identified given that the VE testimony is contradicted by reliable government data. (ECF No. 23, 4-5). She argues that because she objected to the VE testimony on review, she did not waive her challenge to the job numbers and the Court should never find an identification of occupations challenge to be waived. (*Id*. at 5). Plaintiff also contends that the Department of Labor has abandoned the DOT and only O*NET addresses the issue of interaction with supervisors, co-workers, and the public. (*Id.* at 6). As such, Plaintiff claims that remand or reversal is necessary because the addresser job is obsolete. (*Id.*).

Here, Plaintiff was represented by counsel at the hearing and had the opportunity to ask additional questions to the VE or present alternative DOT information if she desired. Indeed, her attorney did pose alternative hypotheticals to the VE including the off-task 20% one she references in her brief. However, the ALJ did not include that limitation in the RFC so that hypothetical answer is not determinative of the ultimate question of disability. Further, second-guessing the VE testimony at this point in the appeal based on whether jobs exist in significant numbers is not permitted given the lack of any such effort at the hearing. *See, e.g., Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal."); *Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th Cir. 2017) (a claimant should challenge a VE's estimates through cross-examination and may submit supplemental evidence to the ALJ of their own job numbers or raise new evidence casting doubt on a VE's job estimates before the Appeals Council).

Additionally, the Court understands Plaintiff's common-sense argument regarding whether the addresser positions even exist at all. However, it finds that the ALJ was not required to resolve any conflict with the VE's testimony and the OOH, much less O*NET, with respect to investigating whether the addresser job is obsolete. *See* 20 C.F.R. § 404.1566(d). Indeed, Plaintiff failed to cite any binding Ninth Circuit decision that finds that a VE must rely on O*NET or that O*NET controls when it conflicts with the VE's testimony. To the contrary, the Ninth Circuit has reaffirmed that unless a plaintiff raises a question regarding the numbers at the

hearing, it is waived. *See, e.g., Gonzalez v. Saul*, --- Fed.Appx. ---, 2021 WL 118926, at *1 (9th Cir. Jan. 13, 2021) (unpublished); *Vizcarra v. Saul*, --- Fed.Appx. ---, 2021 WL 118867, at *1 (9th Cir. Jan. 13, 2021) (unpublished); *Shapiro v. Saul*, --- Fed.Appx. ---, 2021 WL 164917, at *2 (9th Cir. Jan. 19, 2021) (unpublished). As such, the ALJ was under no obligation to sua sponte resolve a conflict between the job numbers provided by the VE's testimony and Plaintiff's after-the fact claims regarding the defect charting clerk and addresser positions not existing in significant numbers because Plaintiff's job numbers come from other sources than the DOT. *See Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020). Therefore, the Court finds that the ALJ's step five finding is supported by substantial evidence and free from reversible legal error.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 16) is **denied.**

IT IS FURTHER ORDERED that the Commissioner's Cross-Motion to Affirm (ECF No. 21) is **granted.**

IT IS FURTHER ORDERED that the Clerk shall enter judgment accordingly and close the case.

DATED: February 11, 2021

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE